UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GLORIA GISANGA GULENGA,

    Plaintiff,

    v.

FIELD OFFICE DIRECTOR,
U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

    Defendants.

Case No. 1:23-cv-213

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

Plaintiff Gloria Gisanga Gulenga, a citizen of the Democratic Republic of Congo, brought this case challenging the United States Citizenship and Immigration Services' (USCIS) decision to deny her request for an adjustment of status to lawful permanent resident via a filed Form I-485. (Compl., Doc. 9). In its previous Opinion and Order, the Court dismissed her Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 28, #229). Gulenga now asks the Court to reconsider that dismissal. (Doc. 30). For the reasons briefly discussed below, the Court **DENIES** Gulenga's Motion for Reconsideration of Order Granting Dismissal (Doc. 30).

## BACKGROUND[1]

Gulenga entered the United States with a B-2 visa, *see* 8 C.F.R. § 214.2(b). (Doc. 9 ¶¶ 7, 10, #98–99). After interviewing her, (*id.* ¶¶ 12–13, #99; *see id.* at #114), the USCIS Chicago Asylum Office issued a Notice of Intent to Deny her asylum application, (Doc. 21-2), and referred her to Immigration Court, (Doc. 21-1). Gulenga's father then filed a Form I-130, Petition for Alien Relative, with USCIS on her behalf. (Doc. 9 ¶ 14, #99). USCIS approved the petition. (*Id.*; *id.* at #116).

Some six months later, in connection with Gulenga's earlier referral to Immigration Court, USCIS issued Gulenga a Notice to Appear (NTA), which officially triggered removal proceedings. (*Id.* ¶ 15, #99; *id.* at #118). While those proceedings were pending, relying on her approved Form I-130, Gulenga applied for lawful permanent resident status by filing a Form I-485. (*Id.* ¶ 17, #99).

Next, the Immigration Judge in Gulenga's removal proceedings terminated those proceedings without prejudice, pursuant to *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), because the NTA was defective. (Doc. 9 ¶ 18, #99–100; *id.* at #118, 122–28.). After that, USCIS denied Gulenga's request for adjustment of status because it concluded she lacked a lawful immigration status when she filed her Form I-485, a necessary prerequisite to her request. (*Id.* ¶ 19, #100; *id.* at #130–31). Gulenga then asked USCIS to reconsider its decision by filing a Form I-290B. (*Id.* ¶ 20, #100; *id.* at #134). USCIS did so and affirmed its prior decision. (*Id.* ¶ 21, #100; *id.* at #133–34). Gulenga responded by suing Julie Decker, Field Office Director of USCIS, in her

---

[1] For a detailed account of the relevant background, see the Court's previous Opinion and Order. (Doc. 28, #214–16).

2

official capacity and the United States Department of Homeland Security under the care of Secretary Alejandro Mayorkas. (*Id.* at #96, 98).

Defendants then moved to dismiss Gulenga's Complaint under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, Rule 12(b)(6). (Doc. 21). After the parties briefed the Motion to Dismiss, (Pl.'s Opp'n to Mot. to Dismiss, Doc. 22; Defs.' Reply, Doc. 24), Gulenga requested oral argument on the Motion to Dismiss, (Doc. 25). The parties also briefed Gulenga's motion seeking oral argument. (Defs.' Opp'n to Mot. for Hr'g, Doc. 26; Pl.'s Reply, Doc. 27).

The Court then denied Gulenga's request for oral argument and granted the Motion to Dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction. (Doc. 28, #229). More specifically, the Court held that "denial of an adjustment-of-status application and the factual findings supporting that denial constitute 'judgments' as the term is used in 'any judgment regarding the granting of relief under section … 1255.'" (Doc. 28, #221–23 (citing 8 U.S.C. § 1252(a)(2)(B)(i)). So the Court concluded that § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252(a)(2)(B)(i), which strips the Court of jurisdiction to review "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255" of Title 8 of the United States Code, deprived the Court of jurisdiction to hear Gulenga's case, and no other provision of § 245 operated to prevent such jurisdiction stripping. (Doc. 28, #226–29). The Clerk entered judgment accordingly. (Doc. 29).

The day after the Court issued its decision, Gulenga moved for reconsideration. (Doc. 30). Defendants responded. (Doc. 31). And as the time for Gulenga to reply has

3

long since passed, the Court treats the Motion for Reconsideration as ripe. *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 935 n.4 (6th Cir. 2004) ("[T]he motion became ripe … when the time for filing a reply brief expired.").

## LEGAL STANDARD

"Motions for reconsideration [of judgments] are treated as motions to amend a judgment pursuant to Rule 59(e)." *Oglesby v. FedEx Ground Package Sys., Inc.*, No. 3:20-cv-346, 2022 WL 561410, at *2 (S.D. Ohio Feb. 24, 2022). "In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551–52 (6th Cir. 2012). But "it is well-established in the Sixth Circuit that a Rule 59(e) … motion … does not allow the unhappy litigant to reargue the case.'" *Prows v. City of Oxford*, No. 1:22-cv-693, 2023 WL 7384684, at *5 (S.D. Ohio Nov. 8, 2023) (cleaned up); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) … 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Wright & Miller, Federal Prac. & Proc. § 2810.1 (2d ed. 1995))).

## LAW AND ANALYSIS

Gulenga does not seek reconsideration based on newly discovered evidence or an intervening change in controlling law. Rather, her "sole claim is that the Court erred in its previous judgment." *Prows*, 2023 WL 7384684, at *5. But her arguments to that effect are unpersuasive.

4

First, she cites *Hernandez v. Garland*, 59 F.4th 762 (6th Cir. 2023); *Rivera Vega v. Garland* 39 F.4th 1146 (9th Cir. 2022) *vacated by* 78 F.4th 1157 (9th Cir. 2023) (Mem.); *Britkovyy v. Mayorkas,* 60 F.4th 1024 (7th Cir. 2023); *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), to argue that the Court has jurisdiction to hear her case. (Doc. 30, #232–33). But she already cited each of those cases and made the same arguments in her briefing opposing the Motion to Dismiss. (Doc. 22, #181–87). And not only did the Court already consider all those cases, it also specifically discussed *Hernandez*, *Britkovyy*, and *Abuzeid* in its previous Opinion and Order. (Doc. 28, #223–24). So re-raising those cases and argument now is merely a thinly veiled attempt "to reargue the case." *Prows*, 2023 WL 7384684, at *5 (cleaned up). In short, the Court disagreed with Gulenga's reading of those cases on the first go-around, and it sees no reason to change course now.

Gulenga's new citation to *Bangura v. Hansen*, 434 F.3d 487 (6th Cir. 2006), is no better. As discussed above, the Court dismissed Gulenga's Complaint because it determined that § 245 of the INA, 8 U.S.C. § 1252(a)(2)(B)(i), deprives the Court of jurisdiction to hear Gulenga's case. (Doc. 28, #221–23). But the claims in *Bangura*, which addressed immediate relative visas for spouses of American citizens, are governed by 8 U.S.C. § 1154. 434 F.3d at 495. And 8 U.S.C. § 1154 is not one of the sections enumerated in § 245's jurisdiction-stripping provision. So *Bangura* is irrelevant to the central issue in this case. Further, to whatever degree *Bangura* is relevant, it cuts *against* Gulenga's argument that she, as an alien, holds a property

5

interest in the adjustment of her immigration status. (Doc. 30, #233 ("Plaintiff submits that she had a property interest in adjusting to lawful permanent residence.")). According to *Bangura*, to the extent a property right in immigration adjustment exists, it belongs to citizens who are impacted by status-adjustment decisions, not to aliens who seek such adjustments. 434 F.3d at 496 n.2 ("If this [property] right exists, however, it clearly belongs to the citizen spouse and not the alien spouse.") (citing *Wright v. INS,* 379 F.2d 275, 276 (6th Cir.1967)).

Finally, Gulenga makes a Due Process argument. (Doc. 30, #233). But, once again, she pressed that same argument before, (Doc. 22, #191–93), and the Court expressly addressed, and rejected, the argument in its previous Opinion and Order, (Doc. 28, #225–26; *id.* at #226 ("[T]he broader argument that foreclosing avenues for judicial relief is problematic as a matter of due process does not persuade the Court that it should decide this case differently. Not only is there a means for eventual judicial review, but, importantly, policy concerns cannot trump the best interpretation of the statutory text." (cleaned up))). So her final argument does not support reconsideration, either.

Gulenga is, of course, free to disagree with the Court's conclusions. But her recourse is by way of appeal—not filing a motion for reconsideration that merely rehashes what has come before. *See Hines v. Subodh Chandra*, No. 1:06-cv-2233, 2009 WL 3875238, at *2 (N.D. Ohio Nov. 18, 2009) ("The Court … cannot conclude that there is a need to correct 'clear legal error' [under Rule 59(e)] given that [the movant]

6

has not advanced new arguments or directed the Court to any authority that would change the Court's analysis or conclusions as set-forth in [its previous Opinion].").[2]

## CONCLUSION

For the above reasons, the Court **DENIES** Gulenga's Motion for Reconsideration (Doc. 30).

**SO ORDERED.**

March 22, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] *Accord Dates v. HSBC*, No. 1:24-cv-81, 2024 WL 860918, at *9 (S.D. Ohio Feb. 29, 2024) ("[I]f a party disagrees with the [court's] resolution[,] … the proper avenue for registering that disagreement is by way of an appeal. Parties have every right to disagree with a court's conclusion if they wish. Indeed, roughly fifty percent of the parties in any action tend to disagree with the court's resolution. And courts are by no means infallible. But parties cannot rely on their disagreement with a court's decision as a basis for" relitigating the issue in the same forum."); *cf. Dupree v. Younger*, 598 U.S. 729, 737 (2023) (explaining that a party need not re-raise a purely legal question resolved at the summary judgment stage in a post-trial motion to preserve the issue for appellate review because "a repeat-motion requirement for legal questions typically amount[s] to … the tedium of [district courts'] saying no twice," and "[t]here is no reason to force litigants and district courts to undertake that empty exercise").

7